IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEONARD G. HOROWITZ, an individual; SHERRI KANE, an individual; ROYAL BLOODLINE OF DAVID, a dissolved corporation sole, | ) ) ) ) ) ) | CIVIL 16-00666 LEK-KJM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| STEWART TITLE GUARANTY COMPANY; FIRST AMERICAN TITLE CO., and DOES 1 through 50, Inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANT FIRST AMERICAN TITLE CO.'S MOTION TO DISMISS "MOTION TO AMEND AS A MATTER OF COURSE [FRCP RULE 15(A)(1)(A)]; AMENDED COMPLAINT FOR DAMAGES AGAINST ALL DEFENDANTS" [ECF NO 10] FILED ON JANUARY 4, 2017; AND (2) DEFENDANT STEWART TITLE GUARANTY CO.'S MOTION TO DISMISS _MOTION TO AMEND AS A MATTER OF COURSE [FRCP RULE 15(A)(1)(A)]; AMENDED COMPLAINT FOR DAMAGES_, FILED JANUARY 4, 2017 [DKT. 10]**

On January 17, 2017, Defendant First American Title Co. ("First American") filed a Motion to Dismiss "Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)]; Amended Complaint for Damages Against all Defendants" [ECF No 10] Filed on January 4, 2017 ("First American Motion"). [Dkt. no. 19.] On January 20, 2017, Defendant Stewart Title Guaranty Co. ("Stewart Title") filed a Motion to Dismiss _Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)]; Amended Complaint for Damages_, Filed

January 4, 2017 [Dkt. 10] ("Stewart Title Motion"). [Dkt. no. 23.] On February 27, 2017, pro se Plaintiffs Leonard G. Horowitz ("Horowitz"), Sherri Kane ("Kane" and collectively "Plaintiffs"), and the Royal Bloodline of David ("Royal") filed a memorandum in opposition to both motions. [Dkt. no. 29.] On March 6, 2017, Stewart Title and First American each filed a reply. [Dkt. nos. 30, 31.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). In an Entering Order filed on April 26, 2017 ("4/26/17 EO"), the Court granted the First American Motion and the Stewart Title Motion, [dkt. no. 36,] and the instant Order supersedes the 4/26/17 EO. The First American Motion and the Stewart Title Motion are granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

On December 21, 2016, Plaintiffs and Royal filed their Verified Complaint for Damages ("Complaint"). [Dkt. no. 1.] On January 4, 2017, Plaintiffs and Royal filed their Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)] ("Motion to Amend"), and attached their Amended Complaint for Damages ("Amended Complaint"). [Dkt. no. 10.] Because Plaintiffs and Royal filed the Motion to Amend and Amended Complaint within the time period provided by Fed. R. Civ. P. 15(a)(1)(A), the

magistrate judge concluded that the Motion to Amend was not

necessary and construed the filing as only an Amended Complaint.

[Dkt. no. 11.]

The Amended Complaint is over seventy pages long, not

including exhibits, and includes a long series of purported facts

and other allegations, many of which are not relevant to the

instant motions.  However, because Plaintiffs and Royal are

proceeding pro se, the Court must construe the Amended Complaint,

and any other pleadings, liberally.  See Bernhardt v. Los Angeles

Cty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to

construe pro se pleadings liberally, including pro se motions as

well as complaints." (some citations omitted) (citing Zichko v.

Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001))).  The Amended

Complaint and the briefs all make repeated reference to a number

of documents.  This Court has explained:

> As a general rule, this Court's scope of review in
> considering a motion to dismiss is limited to the
> allegations in the complaint.  See Daniels-Hall v.
> Nat'l Educ. Ass'n., 629 F.3d 992, 998 (9th Cir.
> 2010).  "[A] court may consider evidence on which
> the complaint necessarily relies if:  (1) the
> complaint refers to the document; (2) the document
> is central to the plaintiff's claim; and (3) no
> party questions the authenticity of the copy
> attached to the [Fed. R. Civ. P.] 12(b)(6)
> motion."  Id. (citations and internal quotation
> marks omitted).  In addition, the court may
> consider documents attached to the complaint and
> matters that are subject to judicial notice.
> Consideration of any other types of material
> requires the court to convert the motion to a
> motion for summary judgment.  Hawaii Reg'l Council

of Carpenters v. Yoshimura, Civ. No. 16-00198 ACK-
KSC, 2016 WL 4745169, at *2 (D. Hawai`i Sept. 12,
2016) (quoting United States v. Ritchie, 342 F.3d
903, 908 (9th Cir. 2003)).

Hays v. VDF Futureceuticals, Inc., CIVIL 15-00535 LEK-RLP, 2016

WL 5660395, at *4 (D. Hawai`i Sept. 28, 2016).

The relevant facts in the instant matter are: Royal is

a ministry that "was formed in 2001 to advance its global

humanitarian mission."[1] [Amended Complaint at pg. 1.] On

January 15, 2004, Royal acquired a property in Pahoa, Hawai`i

("the Property") via Warranty Deed from C. Loran Lee ("Lee") and

recorded the Warranty Deed with the State of Hawai`i Bureau of

Conveyances ("BOC"). [Amended Complaint, Aff. of Leonard G.

Horowitz ("Horowitz Aff."), Exh. 4 at 22-26 (Warranty Deed).[2]].

Royal financed part of the purchase of the Property with a loan

from Lee, and Royal signed a Promissory Note for $350,000 on

January 15, 2004 ("Note"), and recorded a Mortgage in the BOC the

same day. [Id. at 27-28 (Promissory Note), 29-44 (Mortgage).]

First American was the escrow agent for Royal's purchase of the

---

[1] Plaintiffs and Royal also allege that, with regard to the
incidents and property sales at issue in the Amended Complaint,
they worked with Island Title Company ("Island Title"), which was
subsequently bought by First American. [Amended Complaint at pg.
2.] The Court will therefore construe any allegations or
documents to which Island Title is or was a party as referencing
First American.

[2] The exhibits attached to the Amended Complaint are
consecutively paginated as a whole, and not by exhibit.

Property.  [Amended Complaint at pg. 2.]  Stewart Title provided title insurance on the Property, and issued the title insurance policy to Royal for $550,000 on January 23, 2004 ("the Policy"). [Horowitz Aff., Exh. 1.]

Because of a judgment entered in a separate case, Royal was instructed to make payments under the Note and Mortgage to someone aside from Lee starting in 2004.  [Stewart Title Motion, Decl. of Jenny J.N.A. Nakamoto ("Nakamoto Decl."), Exh. 5 (Garnishment Order, dated 12/27/2004).]  On May 15, 2009, Lee assigned the Mortgage to himself as the "Overseer of the Office of the Overseer, a Corporate Sole and His Successor Over/For the Popular Assembly of Revitalize, a Gospel of Believers" ("Gospel of Believers" and "Assignment").  [Horowitz Aff., Exh. 30.]  Lee died on June 29, 2009, and Jason Hester ("Hester"), as his successor, became the Overseer of the Gospel of Believers ("Overseer").  See First American Motion, Decl. of Summer H. Kaiawe ("Kaiawe Decl."), Exh. C (Quitclaim Deed, dated May 3, 2010 ("5/3/10 Quitclaim Deed")) at 2; see also Amended Complaint at pg. 16.  On April 2, 2010, Hester, as Overseer, initiated non-judicial foreclosure proceedings by filing the Mortagee's Affidavit of Foreclosure under Power of Sale with the BOC. [Kaiawe Decl., Exh. B.]  On April 20, 2010, the Overseer held a sale by public auction, and the Overseer purchased the Property for $175,000 and conveyed the Property via a Quitclaim Deed.

See 5/3/10 Quitclaim Deed; see also Amended Complaint at pg. 17.

On June 9, 2011, the Overseer conveyed the Property to Hester via

Quitclaim Deed ("6/9/11 Quitclaim Deed"). [Kaiawe Decl., Exh. D

(6/9/11 Quitclaim Deed); Amended Complaint at pg. 17.] Finally,

on June 28, 2012, Royal conveyed the Property to Plaintiffs via

Quitclaim Deed ("6/28/12 Quitclaim Deed"). [Horowitz Aff., Exh.

6.]

Plaintiffs and Royal allege that First American and

Stewart Title "have withdrawn unreasonably, and neglected their

duties," and "seek compensation for damages of more than $6

million stemming from protracted litigation and the Property's

wrongful conversion by Lee's virtual representative, attorney

Sulla, aided-and-abetted by the Defendants alleged negligence and

willful blindness." [Amended Complaint at pg. 4.] To that end,

Plaintiffs and Royal bring claims for: negligence ("Count I");

[id. at pg. 20-26;] gross negligence ("Count II"); [id. at

pg. 27-28;] bad faith ("Count III"); [id. at pg. 29-36;] fraud

("Count IV"); [id. at pg. 37-49;] unfair and deceptive trade

practices, in violation of Haw. Rev. Stat. § 480-2 and Haw. Rev.

Stat. § 481-3(a)(7) ("Count V"); [id. at pg. 50-52;] negligent

infliction of emotional distress ("Count VI"); [id. at pg. 52-

53;] violation of the Bank Holding Company Act, 12 U.S.C.

§ 1972(1) ("Count VII"); [id. at pg. 53-55;] tortious

interference with prospective business advantage ("Count VIII");

6

[id. at pg. 55-59;] breach of fiduciary duty ("Count IX"); [id. at pg. 59-60;] civil conspiracy ("Count X"); [id. at 61-62;] and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("Count XI") [id. at pg. 63-72].

**DISCUSSION**

**I.    Horowitz and Kane's Representation of Royal**

Horowitz and Kane bring the instant action pro se, and purport to also represent Royal.  [Id. at pg. 1.]  Local Rule 83.11 states:  "Business entities, including but not limited to corporations, partnerships, limited liability partnerships, limited liability corporations, and community associations, cannot appear before this court *pro se* and must be represented by an attorney."  This district court has noted that "[t]his Rule implements established law."  Quality Prof'l Indus., Inc. v. Sun Power, CIV. NO. 15-00080 JMS-BMK, 2015 WL 12838142, at *1 (D. Hawai`i Mar. 19, 2015) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("The general rule, widely recognized in federal and state courts, is that a corporation can appear only through an attorney.")).

Plaintiffs argue that Local Rule 83.11 does not apply

to them because "[a]n ecclesiastical sole corporation is a **non-**

**profit** religious group; it is not a **business**, and not regulated

by LR 83.11." [Mem. in Opp. at 33 (emphasis in original).]

Plaintiffs' argument is simply not true. The Ninth Circuit has

held that the prohibition on businesses being represented by non-

attorneys applies to non-profits and many other types of

entities:

> Unincorporated associations, like corporations,
> must appear through an attorney; except in
> extraordinary circumstances, they cannot be
> represented by laypersons. In re Highley, 459
> F.2d 554, 555 (9th Cir. 1972) (corporations);
> Strong Delivery Ministry Association v. Board of
> Appeals of Cook County, 543 F.2d 32, 33-34 (7th
> Cir. 1976) (per curiam) (not-for-profit
> corporation); Move Organization v. United States
> Department of Justice, 555 F. Supp. 684, 693 (E.D.
> Pa. 1983) (unincorporated association), *and cases*
> *cited therein*; The First Amended Foundation v.
> Village of Brookfield, 575 F. Supp. 1207, 1207-08
> (N.D. Ill. 1983) (unincorporated association).

Church of the New Testament v. United States, 783 F.2d 771, 773-

74 (9th Cir. 1986). Plaintiffs fail to cite any authority

allowing them to represent Royal in a pro se capacity. See Mem.

in Opp. at 30-32 (citing, *inter alia*, Washington and Hawai`i law

regarding the structure and rights of corporate entities). Any

claims brought by Royal must therefore be dismissed without

prejudice because it is possible that Royal may find an attorney

to represent it and file a separate action to pursue its claims.

8

## II.  Horowitz and Kane's Individual Claims

Fed. R. Civ. P. 8(a) requires that

[a] pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

The gravamen of the Amended Complaint against First American and Stewart Title is that First American and/or Stewart Title harmed Plaintiffs by failing to properly investigate the title and refusing to defend the Property title.  See, e.g.,

9

Amended Complaint at pgs. 14 (discussing the improper

investigation of the Property's title history), 16-19 (explaining

the results of the failure to defend the title of the Property).

The Amended Complaint is over seventy pages and consists of

eleven claims.  Plaintiffs, however, do not state to which party

each claim applies.  Instead, they refer to First American and

Stewart Title as if they are one entity.  See, e.g., Amended

Complaint at pgs. 20, 35, 53, 63 (referring to "Stewart/ITC");

id. at 16, 18, 17, 50 (referring to "Defendants").  Plaintiffs'

conflation of the entities in this matter is particularly

concerning because Plaintiffs had a different relationship with

each entity.  An escrow agent is "a mere conduit to transmit the

funds."  Matter of Bishop, Baldwin, Rewald, Dillingham & Wong,

Inc. v. Bank of Hawaii, 69 Haw. 523, 529, 751 P.2d 77, 81 (1988)

(alteration, citation, and internal quotation marks omitted).  In

contrast, "an insurer's duty to defend its insured is contractual

in nature, [and] we must look to the language of the policy

involved to determine the scope of that duty."  Sentinel Ins. Co.

v. First Ins. Co. of Haw., 76 Hawai`i 277, 287, 875 P.2d 894, 904

(1994) (citation omitted).

     With regard to First American, Plaintiffs do not

dispute that the Commitment for Title Insurance ("the

Commitment") names Royal as the "Proposed Insured."  See Horowitz

Aff., Exh. 34 (the Commitment).  Plaintiffs do not explain how

10

they have acquired Royal's rights under the Commitment.

Accordingly, for the reasons set forth in the previous section,

Plaintiffs may not bring any claims against First American in

their individual capacities.

With regard to Stewart Title, the Policy names Royal as

the "insured."  [The Policy at 4.] The Policy defines "insured"

as:

> the insured named in Schedule A, and, subject to
> any rights or defenses the Company would have had
> against the named insured, those who succeed to
> the interest of the named insured by operation of
> law as distinguished from purchase including, but
> not limited to, heirs, distributees, devisees,
> survivors, personal representatives, next of kin,
> or corporate or fiduciary successors.

[The Policy at ¶ 1(a).]  The Policy also states:

> The coverage of this policy shall continue in
> force as of Date of Policy in favor of an insured
> only so long as the insured retains an estate or
> interest in the land, or holds an indebtedness
> secured by a purchase money mortgage given by a
> purchaser from the insured, or only so long as the
> insured shall have liability by reason of
> covenants of warranty made by the insured in any
> transfer or conveyance of the estate or interest.
> This policy shall not continue in force in favor
> of any purchaser from the insured of either (i) an
> estate or interest in the land, or (ii) an
> indebtedness secured by a purchase money mortgage
> given to the insured.

[Id. at ¶ 2.]  Royal conveyed the Property to Horowitz and Kane

via the 6/28/12 Quitclaim Deed.  Stewart Title argues that the

Policy no longer exists.  [Mem. in Supp. of Stewart Title Motion

at 11-12.]  Plaintiffs submit that they are still covered by the

11

Policy because "[Horowitz] is the 'body corporate' and Kane is

the Scribe.  Both continue to steward or wind up the sole

corporation's interests as best they can under duress as the

Insureds and victims of Defendants' torts and crimes."  [Mem. in

Opp. at 30.]  To the extent that Plaintiffs argue that they have

rights under the Policy because they are "winding up" Royal's

business, it is clear from the Amended Complaint that Plaintiffs

brought their claims in their individual capacities.  See, e.g.,

Amended Complaint at pg. 0 (stating that the claims are brought

on behalf of Royal, as well as "Plaintiffs' individual

interests").  Royal's claims have been dismissed.  Further,

"winding up" is done on behalf of the corporate entity:

> In general, directors may continue in office
> during the winding up period for the limited
> purpose of liquidating corporate assets and
> distributing proceeds to creditors and
> shareholders.  Some states confer "trustee" status
> on directors or others who operate the
> corporation, and requires that these trustees act
> on behalf of corporate creditors and shareholders.
> Where there is some question regarding the ability
> of directors to act competently or fairly, a court
> may appoint a receiver to take charge of the
> corporate assets.

16A Fletcher Cyclopedia of the Law of Corps. § 8157 (2016)

(footnotes omitted).  While Plaintiffs cite to Hawai`i and

Washington statutes to support their position that they have

rights under the Policy, these statutes do not allow Plaintiffs

to act on behalf of a nonprofit religious institution in their

individual capacities.  [Mem. in Opp. at 30 (some citations

omitted) (citing Haw. Rev. Stat. § 419-8(4) ("The church, to

administer the affairs, property, and temporalities of which the

corporation was organized, shall stand in the place and stead of

the stockholders, and may be represented in court by an

authorized officers thereof or trustee acting in its behalf[.]");

Wash. Rev. Code § 24.12.010).]  Any argument that Plaintiffs'

claims as individuals can go forward because they are winding up

the corporation is unavailing.[3]

        Finally, the Overseer foreclosed on the Property and

conveyed it to Hester via the 6/9/11 Quitclaim Deed.  As such,

there is a serious question as to whether or not Plaintiffs had

any interest in the Property at the time they executed the

6/28/12 Quitclaim Deed.  Insofar as Plaintiffs bring the claims

in their individual capacities, they are dismissed.

## III. <u>Summary and Application</u>

        The Court has dismissed all of the claims in the

Amended Complaint and Plaintiffs may not file claims on behalf of

---

        [3] Plaintiffs argue that they were required to assign Royal's
interest to Horowitz.  <u>See</u> Mem. in Opp. at 26; Horowitz Aff.,
Exh. 33 (assignment dated 1/14/04 ("1/14/04 Assignment")).  The
1/14/04 Assignment is unsigned, and Plaintiffs' claims cannot be
saved by conclusory statements.  In addition, Plaintiffs submit
that the 1/14/04 Assignment is evinced by the Mortgage, which is
signed by Horowitz.  [Mem. in Opp. at 26.]  The Mortgage,
however, is signed by Horowitz in his capacity as the Overseer of
Royal.  <u>See</u> Mortgage at 41.

Royal without the assistance of licensed legal counsel.  While it is arguably possible that Plaintiffs could amend their Amended Complaint to state claims against First American and Stewart Title, Plaintiffs must first explain how they are covered by the respective policies, and set forth a cognizable claim for relief. Plaintiffs are reminded that pro se parties are not excused from following rules of procedure.  See Local Rule LR83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes").

If Plaintiffs do wish to amend these claims, they must file a second amended complaint by **July 31, 2017.**  Plaintiffs' second amended complaint must include all claims that they wish to pursue, as well as **all** allegations that their claims are based upon, even if they previously presented these allegations in the Amended Complaint.  Plaintiffs may not incorporate any part of the Amended Complaint into the second amended complaint by mere reference to the Amended Complaint.  In crafting any second amended complaint, the Court calls Plaintiffs' attention to Rule 8.  See *supra* Section II.

Plaintiffs are cautioned that:  if they fail to file their second amended complaint by **July 31, 2017**, Plaintiffs' case will be dismissed with prejudice; or, if a claim in the second amended complaint fails to cure the defects identified in this

Order, that claim will be dismissed with prejudice.

Plaintiffs have not been granted leave to make other changes, such as adding new parties, claims, or theories of liability. If Plaintiffs wish to do so, they must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Defendant First American Title Co.'s Motion to Dismiss "Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)]; Amended Complaint for Damages Against all Defendants" [ECF No 10] Filed on January 4, 2017, filed January 17, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. It is GRANTED insofar as all of the claims against First American are HEREBY DISMISSED. It is DENIED insofar as the dismissal is WITHOUT PREJUDICE. Similarly, Defendant Stewart Title Guaranty Co.'s Motion to Dismiss *Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)]; Amended Complaint for Damages*, Filed January 4, 2017 [Dkt. 10], filed January 20, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. It is GRANTED insofar as all of the claims against Stewart Title are HEREBY DISMISSED. It is DENIED insofar as the dismissal is WITHOUT PREJUDICE. If Plaintiffs choose to file a second amended complaint, they must do so by **July 31, 2017**, and the second amended complaint must comply with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEONARD HOROWITZ, ET AL. VS. STEWART TITLE GUARANTY COMPANY, ET AL; CIVIL 16-00666 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART: (1) DEFENDANT FIRST AMERICAN TITLE CO.'S MOTION TO DISMISS "MOTION TO AMEND AS A MATTER OF COURSE [FRCP RULE 15(A)(1)(A)]; AMENDED COMPLAINT FOR DAMAGES AGAINST ALL DEFENDANTS" [ECF NO 10] FILED ON JANUARY 4, 2017; AND (2) DEFENDANT STEWART TITLE GUARANTY CO.'S MOTION TO DISMISS MOTION TO AMEND AS A MATTER OF COURSE [FRCP RULE 15(A)(1)(A)]; AMENDED COMPLAINT FOR DAMAGES, FILED JANUARY 4, 2017 [DKT. 10]**