IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LEONARD G. HOROWITZ, an       )       CIVIL 16-00666 LEK-KJM
individual; SHERRI KANE, an   )
individual; ROYAL BLOODLINE   )
OF DAVID, a dissolved         )
corporation sole,             )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
STEWART TITLE GUARANTY        )
COMPANY; FIRST AMERICAN TITLE )
CO., and DOES 1 through 50,   )
Inclusive,                    )
                              )
          Defendants.         )
_____)

**ORDER DENYING PLAINTIFFS' OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S (1) ORDER DENYING PLAINTIFFS
LEONARD G. HOROWITZ AND SHERRI KANE'S MOTION FOR LEAVE
TO FILE PROPOSED SECOND AMENDED COMPLAINT FOR DAMAGES
AND OTHER RELIEF [FRCP 15(A)(2)]; (2) FINDING AND
RECOMMENDATION TO DISMISS THIS ACTION WITH PREJUDICE**

On May 3, 2018, the magistrate judge filed his

(1) Order Denying Plaintiffs Leonard G. Horowitz and

Sherri Kane's Motion for Leave to File Proposed Second Amended

Complaint for Damages and Other Relief [FRCP 15(a)(2)]; (2)

Finding and Recommendation to Dismiss this Action with Prejudice

("F&R"). [Dkt. no. 95.] Pro se Plaintiffs Leonard G. Horowitz

and Sherri Kane ("Plaintiffs") filed their objections to the F&R

("Objections") on May 14, 2018. [Dkt. no. 96.] On May 29, 2018,

Defendant Stewart Title Guaranty Company ("Stewart Title") and

Defendant First American Title Co. ("First American") filed their

respective responses to the Objections ("Stewart Title Response" and "First American Response"). [Dkt. nos. 99, 100.] Plaintiffs filed a supplement to the Objections on August 20, 2018. [Dkt. no. 103.] Stewart Title and First American filed their respective responses to the Supplement to Objections ("Stewart Title Supplemental Response" and "First American Supplemental Response") on September 4, 2018. [Dkt. nos. 107, 108.] The Court has considered the Objections without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiffs' Objections are hereby denied and the F&R is hereby affirmed for the reasons set forth below.

## BACKGROUND

Plaintiffs and the Royal Bloodline of David ("Royal") filed their original complaint on December 21, 2016. [Dkt. no. 1.] On January 4, 2017, Plaintiffs and Royal filed a document that was construed as their Amended Complaint. [Dkt. nos. 10, 11.] On January 17 and 20, 2017, First American and Stewart Title filed their respective motions to dismiss the Amended Complaint (collectively, "Motions to Dismiss"). [Dkt. nos. 19, 23.] On June 30, 2017, this Court issued an order

granting the Motions to Dismiss in part and denying them in part ("6/30/17 Order"). [Dkt. no. 39.[1]]

In the 6/30/17 Order, this Court ruled that Plaintiffs could not represent Royal in a pro se capacity, and Royal's claims were dismissed without prejudice to the filing of a separate action through an attorney. [6/30/17 Order at 7-8.] Further, this Court dismissed the claims Plaintiffs brought in their individual capacities. [Id. at 13.] Plaintiffs were given until July 31, 2017 to file a second amended complaint. [Id. at 14-15.] The magistrate judge subsequently issued an order extending that deadline to October 2, 2017. [Dkt. no. 43.]

On September 29, 2017, Plaintiffs and Royal – through Horowitz as Royal's "Overseer" – filed a document tiled "Motion for Leave to File 'Second Amended Verified Complaint;' [FRCP Rule 15(a)(2)]" ("9/29/17 Motion for Leave"). [Dkt. no. 53.] On December 14, 2017, the magistrate judge filed an order denying the 9/29/17 Motion for Leave, but allowing only Plaintiffs to file another motion for leave by January 5, 2018 ("12/14/17 Order"). [Dkt. no. 68.] Plaintiffs' deadline was later extended to February 28, 2018. [EO, filed 2/8/18 (dkt. no. 80).[2]]

---

[1] The 6/30/17 Order is also available at 2017 WL 2836990.

[2] On December 26, 2017, Royal, through counsel, filed a motion for reconsideration of the 12/14/17 Order. [Dkt. no. 69.] While the motion for reconsideration was pending, the magistrate judge issued an entering order staying the January 5, 2018
(continued...)

On February 26, 2018, Plaintiffs filed the "Motion for Leave to File *Proposed* Second Amended Complaint for Damages and Other Relief [FRCP 15(a)(2)]" ("2/26/18 Motion for Leave"). [Dkt. no. 82.] The factual allegations of Plaintiffs' Proposed Second Amended Complaint for Damages attached to the 2/26/18 Motion for Leave ("Proposed Second Amended Complaint"), [dkt. no. 82-8,] are described in the F&R and will not be repeated here. In the F&R, the magistrate judge denied the 2/26/18 Motion for Leave and recommended the action be dismissed with prejudice because: 1) the Proposed Second Amended Complaint did not comply with Fed. R. Civ. P. 8 in spite of warnings from both this Court and the magistrate judge; [F&R at 12-18;] 2) even without considering the statute of limitations issues, all of Plaintiffs' proposed claims were futile; [id. at 18-19;] and 3) dismissal of the action with prejudice was warranted because, based on Plaintiffs' repeated failures to state plausible claims through multiple iterations of their complaint and their failure to cure the defects identified in the 6/30/17 Order, Plaintiffs would be unable to save their complaint by filing any further amendments, [id. at 42-43].

---

[2] (...continued)
deadline as to Plaintiffs but expressly declining to "stay[] or toll[] any deadlines or statutes of limitation that may apply to Royal." [EO, filed 1/4/18 (dkt. no. 73).] The February 8, 2018 EO denied Royal's motion for reconsideration and extended Plaintiffs' deadline to file an amended complaint.

In the Objections, Plaintiffs first argue the Proposed Second Amended Complaint complies with Rule 8 because the length of the document is necessary due to the complexity of the case, the heightened pleading requirements for their fraud claim, and the requirements of the 6/30/17 Order. Plaintiffs also assert the Proposed Second Amended Complaint complies with the 6/30/17 Order. Plaintiffs argue generally that the magistrate judge was biased and ignored factual allegations in the Proposed Second Amended Complaint that show there are material facts in dispute in this case. Further, they assert all of the claims in the Proposed Second Amended Complaint are clearly and succinctly pled. As to their specific proposed claims, Plaintiffs state "[b]oth Magistrate and Plaintiffs focus on alleged Negligence claims," and the fraud claim is pled with sufficient particularity to satisfy Rule 9. [Objections at 7.] Finally, Plaintiffs contend that the magistrate judge abused his discretion by recommending that the case be dismissed with prejudice.

In Plaintiffs' supplemental memorandum, Plaintiffs argue they should be permitted to file the Proposed Second Amended Complaint based on "new evidence." [Suppl. to Objections at 1.] Plaintiffs attached twelve exhibits related to: the criminal investigation of Paul J. Sulla, Jr., Esq.; records from the County of Hawai`i Department of Finance, Real Property Tax

Office, current as of 2018; mortgage documents and warranty deeds filed with the Assistant Registrar, Land Court, State of Hawai`i ("Land Court") for the Property and a portion of Old Pahoa-Kalapana Road at Kamaili, Puna on the Island of Hawai`i ("Remnant A"); and materials related to civil proceedings filed in the Circuit Court of the Third Circuit, State of Hawai`i, and the Hawai`i Intermediate Court of Appeals. [Suppl. to Objections, Decl. of Leonard G. Horowitz ("Horowitz Suppl. Decl."), Exhs. 1-12.] Plaintiffs assert these documents are "new discoveries in Public Records," and the recent "governmental actions pursuant to these discoveries" refute Defendants' arguments that Plaintiffs lost title through Mr. Sulla's nonjudicial foreclosure, or are not considered insureds under the January 23, 2004 title insurance policy on the Property issued by Stewart Title ("the Policy"). [Suppl. to Objections at 11.[3]]

### STANDARD

Although the instant Order refers to the document as the "F&R," it is actually both an order denying the 2/26/18 Motion for Leave and a recommendation to dismiss this action with prejudice. Thus, the portion of the F&R denying the 2/26/18

---

[3] Plaintiffs refer to "the Policy" in their supplemental memorandum. <u>See, e.g.</u>, Suppl. to Objections at 3. This Court assumes this refers to the same January 23, 2004 title insurance policy for the Property, issued by Stewart Title, that is the central dispute in this case. <u>See, e.g.</u>, Proposed Second Amended Complaint, Exh. 1 (the Policy).

Motion for Leave must be reviewed under the standard applicable to appeals from a magistrate judge's order, and the portion of the F&R recommending that the case be dismissed with prejudice must be reviewed under the standard applicable to objections to a magistrate judge's findings and recommendation.

## I.   __Appeal of a Magistrate Judge's Order__

This district court has stated:

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Akey v. Placer Cty., 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001); Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011); Cochran v. Aguirre, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991); Cochran, 2017 WL 2505230, at *1.

"'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" Hypolite v. Zamora, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d

1013, 1017 (5th Cir. 1981)).  Consideration by the
reviewing court of new evidence, therefore, is not
permitted.  United States ex rel. Liotine v. CDW
Gov't, Inc., 2013 WL 1611427, at *1 (S.D. Ill.
Apr. 15, 2013) ("If the district court allowed new
evidence [on review of a magistrate judge's
non-dispositive order], it would essentially be
conducting an impermissible de novo review of the
order."); cf. United States v. Howell, 231 F.3d
615, 621 (9th Cir. 2000) (determining that "a
district court has discretion, but is not
required, to consider evidence presented for the
first time" in a de novo review of a magistrate
judge's dispositive recommendation).

McAllister v. Adecco USA Inc., Civ. No. 16-00447 JMS-KJM, 2017 WL

2818198, at *2 (D. Hawai`i June 29, 2017) (alterations in

McAllister).

## II.  **Review of Findings and Recommendations**

This Court reviews a magistrate judge's findings and

recommendations under the following standard:

When a party objects to a magistrate judge's
findings or recommendations, the district court
must review de novo those portions to which the
objections are made and "may accept, reject, or
modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28
U.S.C. § 636(b)(1); see also United States v.
Raddatz, 447 U.S. 667, 673 (1980); United States
v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
2003) (en banc) ("[T]he district judge must review
the magistrate judge's findings and
recommendations de novo if objection is made, but
not otherwise.").

Under a de novo standard, this Court reviews
"the matter anew, the same as if it had not been
heard before, and as if no decision previously had
been rendered."  Freeman v. DirecTV, Inc., 457
F.3d 1001, 1004 (9th Cir. 2006); United States v.
Silverman, 861 F.2d 571, 576 (9th Cir. 1988).  The
district court need not hold a de novo hearing;

however, it is the court's obligation to arrive at
its own independent conclusion about those
portions of the magistrate judge's findings or
recommendation to which a party objects. <u>United
States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir.
1989).

<u>Muegge v. Aqua Hotels & Resorts, Inc.</u>, Civil 09-00614 LEK-BMK,

2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in

<u>Muegge</u>) (some citations omitted).

**<u>DISCUSSION</u>**

**I.** **<u>Violation of Rule 8</u>**

Plaintiffs first argue the magistrate judge erred in

concluding that the Proposed Second Amended Complaint attached to

the 2/26/18 Motion for Leave violated Rule 8.  Rule 8(a) states:

> A pleading that states a claim for relief must
> contain:
>
> > (1)  a **short and plain statement** of the
> > grounds for the court's jurisdiction, unless
> > the court already has jurisdiction and the
> > claim needs no new jurisdictional support;
> >
> > (2)  a **short and plain statement** of the claim
> > showing that the pleader is entitled to
> > relief; and
> >
> > (3)  a demand for the relief sought, which
> > may include relief in the alternative or
> > different types of relief.

(Emphases added.)

Plaintiffs have been cautioned that their previous

submissions have not complied with the Rule 8(a) standard.  In

the 6/30/17 Order, this Court noted that, even without counting

the exhibits, the Amended Complaint was more than seventy pages long. [6/30/17 Order at 3.] This Court also directed Plaintiffs to be mindful of Rule 8 when crafting their second amended complaint. [Id. at 14.] The magistrate judge noted that the Proposed Second Amended Complaint attached to the 9/27/17 Motion for Leave was "an overwhelming 104-page shotgun pleading, with a nine page affidavit, and exhibits totaling nearly 200 pages." [12/14/17 Order at 12 (internal quotation marks omitted).] This Court and the magistrate judge were aware of the factual allegations of this case and the heightened pleading standards applicable to Plaintiffs' fraud claims, and the magistrate judge was aware of the requirements of the 6/30/17 Order. This Court and the magistrate judge nevertheless concluded Plaintiffs' pleadings were unnecessarily long and complicated.

Plaintiffs made no attempt to make their pleading significantly more concise. The Proposed Second Amended Complaint attached to the 2/26/18 Motion for Leave is one hundred pages long and has over one hundred pages of exhibits. [Dkt. nos. 82-8, 83-9.] For the same reasons as those set forth in the prior orders issued in this case, the Court agrees with the magistrate judge that Plaintiffs' Proposed Second Amended Complaint attached to the 2/26/18 Motion for Leave does not comply with Rule 8(a). Plaintiffs Objections are denied as to the Rule 8 issue.

## II. **Alleged Bias**

Plaintiffs next argue the magistrate judge was biased and showed "willful blindness" in his analysis of Plaintiffs' claims. [Objections at 12.] To the extent Plaintiffs seek to disqualify Magistrate Judge Mansfield based on an alleged bias, Plaintiffs' argument fails. The standard for recusal under 28 U.S.C. §§ 144 and 455 "is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." See Taylor v. Regents of U.C., 993 F.2d 710, 712 (9th Cir. 1993) (citation and quotation marks omitted). Judicial bias must usually stem from an extrajudicial source. Id. Further, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). "[O]nly in the rarest circumstances [will judicial rulings] evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Id.

First, Plaintiffs' bias argument is based entirely on the F&R. Plaintiffs contend the magistrate judge ignored factual allegations in the Proposed Second Amended Complaint that properly supported Plaintiffs' claims, and "repeatedly determin[ed] that the [Proposed Second Amended Complaint] failed to deliver **any** facts to support any of the Plaintiffs' claims

against either Defendant." [Objections at 12 (emphasis in
Objections).] Plaintiffs point to no extrajudicial source.
Alone, the magistrate judge's ruling that Plaintiff's Proposed
Second Amended Complaint failed to set forth clear and concise
factual allegations in support of their claims, cannot
demonstrate bias. See Liteky, 510 U.S. at 555. Nor does the
record reveal that the magistrate judge displayed a "deep-seated
favoritism or antagonism that would make fair judgment
impossible." See id. Consequently, the Court denies Plaintiffs'
Objections as to judicial bias.

**III. Plaintiffs' Compliance With the 6/30/17 Order**

Plaintiffs' next argue the Proposed Second Amended
Complaint complies with the 6/30/17 Order. Plaintiffs present
two theories: first, that Brenda Iaone, as an employee of Island
Title Company ("ITC") and escrow servicer for the sale of the
Property between seller C. Loran Lee and Royal/Horowitz, was a
"dual agent" of ITC and First American, by virtue of First
American purchasing ITC. [Objections at 15 (citing Proposed
Second Amended Complaint at p. 3).] Plaintiffs assert this "dual
agency" gave rise to First American's duty to Plaintiffs. [Id.]
Plaintiffs also assert Stewart Title's duty arose through the
same process, since the Policy was arranged through Ms. Iaone.
[Id. (citing Proposed Second Amended Complaint at p. 4).]
Second, Plaintiffs assert Royal, Horowitz, and Kane formed a

joint venture, thus entitling Plaintiffs to coverage under the

Policy.  [Objections at 31 (citing Ticor Title Ins. Co. of Cal.

v. Am. Resources, Ltd., 859 F.2d 772 (9th Cir. 1988)).]

As to the first theory, Ms. Iaone's "dual agency" with

ITC and First American does not address the Court's 6/30/17

Order, which required Plaintiffs to "first explain how they are

**covered by the respective policies**, and set forth a cognizable

claim for relief."  6/30/17 Order, 2017 WL 2836990, at *6

(emphasis added).  Plaintiffs' second theory comes closer, but

must meet the definition of a joint venture under Hawai`i law,

which states:

> A joint venture is a mutual undertaking by
> two or more persons to carry out a single business
> enterprise for profit.  It is closely akin to a
> partnership, and the rules governing the creation
> and existence of partnerships are generally
> applicable to joint ventures.  Kienitz v. Sager,
> 40 Haw. 1 (1953).  See also Eastern Iron & Metal
> Co. v. Patterson, 39 Haw. 346 (1952).  It is a
> contractual relationship which necessarily
> contemplates some contribution by each of the
> parties of money, property, effort, knowledge,
> skill, or other resources to the common
> undertaking.  As with a partnership, it is
> absolutely essential that there be an agreement
> between the parties for a joint venture and that
> there be a provision in the contract for their
> sharing, as joint venturers, of the profits of the
> business.  See Winkelbach v. Honolulu Amusement
> Co., 20 Haw. 498 (1911).

Shinn v. Edwin Yee, Ltd., 57 Haw. 215, 235, 553 P.2d 733, 736

(1976) (footnote omitted).  The Proposed Second Amended Complaint

alleges "Horowitz formed Royal in 2001 to advance humanitarian

initiatives with allied medical and spiritual groups in favor of drug-free low risk clinical practices for natural healing." [Proposed Second Amended Complaint at pgs. 1-2.] Horowitz is the "'Overseer' and sole member of [Royal]" and Kane is "Horowitz's domestic partner, business partner, Royal's scribe, and Royal's creditor by reason of work contract(s)." [Id. at 1, 3.] Plaintiffs also allege they "stepped into the shoes of Royal during winding up and dissolution by quitclaim conveyance." [Id. at 9.] Plaintiffs do not address whether they entered into an agreement **with** Royal, what those agreements were, or if there was an intent to share in profits, which are "absolutely essential" to the formation of a joint venture. See Shinn, 57 Haw. at 235, 553 P.2d at 736 (citation omitted). Consequently, the Court rejects Plaintiffs' theory that it became an insured under the Policy as joint venturers, and denies Plaintiffs' Objections as to their compliance with the Court's 6/30/17 Order.

## IV. **Plaintiffs' Negligence Claim**

With regard to their negligence claim, Plaintiffs object to the magistrate judge's determination that Plaintiffs have not adequately pled duty or causation. Plaintiffs argue the magistrate judge ignored and misrepresented Plaintiffs' factual allegations to reach this conclusion. [Objections at 14-15.]

The magistrate judge concluded that Plaintiffs' Proposed Second Amended Complaint did not plead sufficient facts

14

to assert a negligence claim against Defendants.  As the

magistrate judge stated:

> "Thus, the 'proper test to be applied when
> determining the legal sufficiency of a proposed
> amendment is identical to the one used when
> considering the sufficiency of a pleading
> challenged under [Fed. R. Civ. P.] 12(b)(6).'"
> Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir.
> 2011) (quoting Miller v. Rykoff-Sexton, Inc., 845
> F.2d 209, 214 (9th Cir. 1988)).
>
> For a complaint to survive a Rule 12(b)(6)
> motion to dismiss, "the nonconclusory 'factual
> content,' and reasonable inferences from that
> content, must be plausibly suggestive of a claim
> entitling the plaintiff to relief."  Moss v. U.S.
> Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).
> The sheer possibility that a defendant has acted
> unlawfully is not sufficient to survive a motion
> to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678
> (2009) ("Where a complaint pleads facts that are
> 'merely consistent with' a defendant's liability,
> it 'stops short of the line between possibility
> and plausibility of 'entitlement to relief.'")
> (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,
> 557 (2007)).  "A claim has facial plausibility
> when the pleaded factual content allows the court
> to draw the reasonable inference that the
> defendant is liable for the misconduct alleged."
> Iqbal, 556 U.S. at 663.

[F&R at 19-20.]

The magistrate judge correctly applied the relevant

case law.  This Court need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere

conclusory statements."  Iqbal, 556 U.S. at 678 (citing Twombly,

550 U.S. at 555).  "Nor is the court required to accept as true

allegations that are . . . unwarranted deductions of fact, or

unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266
F.3d 979, 988 (9th Cir. 2001) (citation omitted).

A review of the Proposed Second Amended Complaint shows
Plaintiffs' allegations with regard to any duty owed by Stewart
Title or First American to Plaintiffs is based on conclusory
allegations, or allegations not plausible on their face.  For
example, Plaintiffs allege ITC/First American "ha[d] knowledge of
the Seller's previous wrongdoings concerning the subject
Property" and failed to disclose it to Plaintiffs.  [Proposed
Second Amended Complaint at 4.]  Yet Plaintiffs include no
factual allegations to describe when or how ITC/First American
obtained this knowledge in order for it to shift from a mere
conclusory statement to one that is plausible on its face.  The
magistrate judge carefully reviewed the Proposed Second Amended
Complaint and analyzed each of Plaintiffs' claims before
concluding Plaintiffs would be unable to sustain a cognizable
claim against Defendants.  Additionally, he explained that
Plaintiffs' factual allegations were unacceptable because they
were "argumentative and conclusory, containing facts that are
largely irrelevant to Plaintiffs' claims."  [F&R at 13.]  With
regard to Plaintiffs' negligence claim, the magistrate judge
stated Plaintiffs' allegations raised only "a sheer possibility"
that Defendants acted unlawfully, and thus, were not plausible to
state a claim entitling Plaintiffs to relief.  [<u>Id</u>. at 21.]  The

magistrate judge stated "'[d]irectness and clarity are
mandatory'" in a pleading, [F&R at 13 (quoting Lagmay v. Nobriga,
No. CV 16-00408 DKW/KJM, 2016 WL 4975198, at *3 (D. Haw.
Sept. 16, 2016)),] and the "court and the defendants should be
able to read and understand a complaint within minutes," [id.].
The Court agrees Plaintiffs' allegations are difficult to
understand and do not present factual allegations that meet the
pleading standards under Iqbal and Twombly.

Even if the Court looked past Plaintiffs' conclusory
allegations, Plaintiffs have not identified what duty either
First American or Stewart Title owed to Plaintiffs.  In the
context of an escrow transaction, this district court has
recognized

> "The general rule is that an escrow depository
> occupies a fiduciary relationship with the parties
> to the escrow agreement or instructions and must
> comply strictly with the provisions of such
> agreement or instructions." DeMello v. Home
> Escrow, Inc., 4 Haw. App. 41, 47, 659 P.2d 759,
> 763 (1983).  "The statutory definition of 'escrow'
> specifically limits the depository's function to
> acts performed 'in accordance with the terms of
> the agreement between the parties to the
> transaction.'" Id.  "Accordingly, an escrow
> [holder] has no duty to 'police' a transaction for
> the parties." Stanton v. Bank of Am, N.A., 2010
> WL 4176375 at *3 (D. Haw. Oct. 19, 2010) (citing
> Summit Fin. Holdings, Ltd. v. Cont'l Lawyers
> Title, Co., 27 Cal. 4th 705, 711 (2002) ("[A]n
> escrow holder has no general duty to police the
> affairs of its depositors; rather, an escrow
> holder's obligations are limited to faithful
> compliance with [the depositors'] instructions."))

Atooi Aloha, LLC v. Gaurino, Civ. No. 16-00347 JMS-RLP, 2018 WL
650194, at *4 (alterations in Atooi Aloha).  Plaintiffs' Proposed
Second Amended Complaint has not addressed how Plaintiffs were
parties to the escrow agreement, nor did it identify the terms of
the escrow agreement that First American had breached.
Accordingly, even assuming that the factual allegations in the
Proposed Second Amended Complaint are true, see Iqbal, 556 U.S.
at 678 ("for the purposes of a motion to dismiss we must take all
of the factual allegations in the complaint as true"), they do
not show that First American owed Plaintiffs a duty.

     With regard to Stewart Title, this Court stated that
"'an insurer's duty to defend its insured is contractual in
nature, [and] we must look to the language of the policy involved
to determine the scope of that duty.'"  6/30/17 Order, 2017 WL
2836990 (alteration in 6/30/17 Order) (quoting Sentinel Ins. Co.
v. First Ins. Co. of Haw., 76 Hawai`i 277, 287, 875 P.2d 894, 904
(1994) (citation omitted)).  Since Plaintiffs have not complied
with the 6/30/17 Order to demonstrate how they are named insureds
under the Policy, it follows that Stewart Title cannot owe
Plaintiffs a duty since the language of the Policy does not
contemplate Plaintiffs.

     Finally, as to causation, Plaintiffs must set forth
allegations that "the breach of duty was more likely than not a
substantial actor in causing the harm complained of."  See Knodle

v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 383, 742 P.2d 377,
385 (1987) (quotation and citation omitted). Since Plaintiffs
cannot point to any specific duty Defendants owed to Plaintiffs,
the Court rejects their causation arguments where it would not
affect the Court's determination that Plaintiffs' negligence
claim fails. See Muegge, 2015 WL 4041313, at *2 ("[o]bjections
that would not alter the outcome are moot, and can be overruled
on that basis alone" (quoting Rodriquez v. Hill, No. 13CV1191-LAB
(DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan 23, 2015))).
Accordingly, the Court adopts the magistrate judge's conclusion
that Plaintiffs' Proposed Second Amended Complaint does not
sufficiently plead a claim for negligence.

**V.    Stewart Title and Plaintiffs' Status
       as Insured with Regard to Plaintiffs' Bad Faith Claim**

Plaintiffs object to page twenty five of the F&R, where
the magistrate judge referred to "a number of persuasive
authorities" cited by Stewart Title for the proposition that
Plaintiffs did not become the successors in interest of Royal
through "operation of law." [F&R at 25.] Plaintiffs argue the
case law that the magistrate judge found "persuasive" is
incorrect, superseded by subsequent cases, and distinguishable
from the instant matter. [Objections at 29-30.] These arguments
are unavailing. Ultimately, the magistrate judge found Stewart
Title denied coverage to Plaintiffs based on its reasonable
interpretation of the Policy, which did not rise to the level of

bad faith under Hawai`i law.  See Best Place, Inc. v. Penn Am.

Ins. Co., 82 Hawai`i 120, 133, 920 P.2d 334, 347 (1996)

("[C]onduct based on an interpretation of the insurance contract

that is reasonable does not constitute bad faith." (citations

omitted) (citing Hanson v. Prudential Ins. Co. of Am., 772 F.2d

580 (9th Cir. 1985)[4] (applying California law))).  Further, the

magistrate judge noted Plaintiffs' allegations as to their bad

faith claim against Stewart Title are "entirely conclusory and

argumentative."  [F&R at 24.]  In review of the record, this

Court agrees.  Plaintiffs' Proposed Second Amended Complaint

merely argues Stewart Title's denial of coverage under the Policy

was unreasonable, without alleging any plausible facts to show

that Stewart Title acted in bad faith.  Further, this Court

already determined Plaintiffs' Proposed Second Amended Complaint

has not shown how Plaintiffs are the named insured under the

Policy.  This Court rejects Plaintiffs' arguments as to the bad

faith issue.

**VI.  Other Objections**

        It is true that, once a party timely objects to the

findings and recommendations of a magistrate judge, the district

court must conduct a de novo review of those portions to which

---

        [4] Hanson was superseded by Hanson v. Prudential Insurance
Co. of America, 772 F.2d 580 (9th Cir. 1985).

the objections are made.  See Muegge, 2015 WL 4041313, at *2.

However, this Court has recognized that

> "'[f]rivolous, conclusive, or general objections
> [to a magistrate judge's report and
> recommendation] need not be considered by the
> district court.'"  Rodriquez v. Hill, No.
> 13CV1191–LAB (DHB), 2015 WL 366440, at *1 (S.D.
> Cal. Jan. 23, 2015) (some alterations in
> Rodriquez) (quoting Marsden v. Moore, 847 F.2d
> 1536, 1548 (11th Cir. 1988)). . . .  Further,
> **"[o]bjections that would not alter the outcome** are
> moot, and can be overruled on that basis alone."
> Rodriquez, 2015 WL 366440, at *1.

Id. (some alterations in Muegge) (emphasis added).  Thus, the

Court will not address Plaintiffs' objection as to the magistrate

judge's general summary that Mr. Lee and Mr. Sulla were the

primary antagonists within the Proposed Second Amended Complaint.

[Objections at 32-33.]  Plaintiffs' arguments merely launch into

further conclusory statements that Defendants had an obligation

to defend title to the Property, and that, "if the Magistrate's

view of Sulla's importance in this case is so clear," the

magistrate judge had a duty to prevent "compounding damage to the

Plaintiffs and society caused by Sulla (Lee being deceased)."

[Objections at 33 (citing 42 U.S.C. § 1986).]  This is a general

objection the Court need not consider, since addressing this

statement would not affect this Court's conclusion that the

Proposed Second Amended Complaint does not allege sufficient

facts against Defendants to state a cognizable claim.

## VII. **New Evidence**

In their supplemental memorandum, Plaintiffs assert new evidence corroborates the instant Objections to show that Plaintiffs should be permitted to file the Proposed Second Amended Complaint.  Plaintiffs submit the County of Hawai`i recently confirmed that Royal continues to hold title to TMK 1-3-001-095-0000, which was excluded from the Sulla/Lee foreclosure. [Suppl. to Objections at 14 (citing Horowitz Suppl. Decl., Exh. 1 (letter from Lisa Miura to Paul Sulla, dated 2/13/18), Exh. 2 (County of Hawai`i, Real Property Tax Office print out of owner and parcel information for TMK 1-3-001-095-0000, dated 4/9/18), Exh. 3 (email from Lisa Miura to mitchfine@hotmail.com regarding "TMK 13001049000")).]  Plaintiffs also argue that: the County of Hawai`i invalidated Mr. Sulla's warranty deed dated 2016; Horowitz filed a criminal complaint with the Hilo Police Department reporting Mr. Sulla's alleged forgery; and the Hawai`i Intermediate Court of Appeals consolidated Horowitz's quiet title case related to the foreclosure action.  [Suppl. to Objections at 14-15.]  First American contends Plaintiffs' evidence is not new, and certain exhibits were attached to the 2/26/18 Motion for Leave and the Proposed Second Amended Complaint itself, while others were entirely irrelevant.  [First American Suppl. Response at 6-7.]  Stewart Title argues the supplemental memorandum should be disregarded entirely because, even if Plaintiffs' assertions

are correct, Remnant A is not included in the Policy, and any disputes regarding Mr. Sulla's conveyance occurred after the Policy was issued, which is expressly excluded from coverage. [Stewart Title Suppl. Response at 2.]

Nothing in Plaintiffs' supplemental memorandum alters this Court's conclusion that Plaintiffs have not properly alleged a claim that addresses the defects identified in the 6/30/17 Order, and is therefore, futile. Plaintiffs repeatedly argue that Mr. Sulla and Mr. Lee's actions were criminal, and point to criminal investigations in 2012, 2013, 2015, 2016, and 2018 regarding Mr. Sulla's activities. [Suppl. to Objections at 21-23.] Still, Plaintiffs have neither shown Defendants knew about any of these events at the time they entered into their respective agreements with Royal, nor explained how Defendants owe a duty to Plaintiffs. That was the basic condition this Court presented to Plaintiffs if they were to amend their complaint. Accordingly, Plaintiffs' arguments contained in their supplemental memorandum are denied.

## VIII. <u>Futility</u>

Plaintiffs argue the magistrate judge erred in recommending that the case be dismissed with prejudice because amendment would be futile. The Court reviews his decision de novo. <u>See</u> <u>Reyna-Tapia</u>, 328 F.3d at 1121.

In general, leave to amend should be "freely given when justice so requires." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010); see Fed. R. Civ. P. 15(a). However, leave to amend may be denied "'[w]hen a proposed amendment would be futile.'" See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (quoting Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002)).

In the 6/30/17 Order, this Court gave Plaintiffs notice of the deficiencies in their claims, and provided ample guidance to Plaintiffs in crafting any future amended complaint. See 6/30/17 Order, 2017 WL 2836990, at *6. The Proposed Second Amended Complaint failed to cure the deficiencies noted in the Court's 6/30/17 Order. Plaintiffs have again presented conclusory allegations that are difficult to understand, argumentative, and fail to meet the requirements of Fed. R. Civ. P. 8(a). The Proposed Second Amended Complaint also has not set forth plausible factual allegations to show that Defendants owe any duty to Plaintiffs. In light of Plaintiffs' pro se status, this Court has also considered Plaintiffs' supplemental memorandum with the Objections. The supplemental memorandum presents no additional facts that would lead this Court to believe that Plaintiffs would be able to cure the deficiencies of Plaintiffs' claim.

Taken together, it is absolutely clear that further leave to amend would not save Plaintiffs' claims. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, the Court denies the portion of Plaintiffs' Objections challenging the magistrate judge's recommendation that Plaintiffs' claims be dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, Plaintiff's objections to the magistrate judge's May 3, 2018 (1) Order Denying Plaintiffs Leonard G. Horowitz and Sherri Kane's Motion for Leave to File Proposed Second Amended Complaint for Damages and Other Relief [FRCP 15(a)(2)]; (2) Finding and Recommendation to Dismiss this Action with Prejudice, which Plaintiffs filed on May 14, 2018, are HEREBY DENIED. The magistrate judge's F&R is HEREBY ADOPTED in its entirety. Plaintiffs' Motion for Leave to File *Proposed* Second Amended Complaint for Damages and Other Relief [FRCP 15(a)(2)], filed February 26, 2018, is therefore DENIED.

There being no operative pleading, the claims dismissed in the 6/30/17 Order without prejudice are HEREBY DISMISSED WITH PREJUDICE. There being no claims remaining in this case, this

Court DIRECTS the Clerk's Office to enter final judgment and close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 21, 2018.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEONARD G. HOROWITZ, ET AL. VS. STEWART TITLE GUARANTY COMPANY, ET AL; CIVIL 16-00666 LEK-KJM; ORDER DENYING PLAINTIFFS' OBJECTIONS AND AFFIRMING THE MAGISTRATE JUDGE'S (1) ORDER DENYING PLAINTIFFS LEONARD G. HOROWITZ AND SHERRI KANE'S MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF [FRCP 15(A)(2)]; (2) FINDING AND RECOMMENDATION TO DISMISS THIS ACTION WITH PREJUDICE**