UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ, AN INDIVIDUAL; SHERRI KANE, AN INDIVIDUAL; AND ROYAL BLOODLINE OF DAVID, A DISSOLVED CORPORATION SOLE;<br><br>Plaintiffs,<br><br>vs.<br><br>STEWART TITLE GUARANTY COMPANY, FIRST AMERICAN TITLE CO., DOES 1 THROUGH 50, INCLUSIVE;<br><br>Defendants. | CIV. NO. 16-00666 LEK-KJM |

**ORDER DENYING PLAINTIFFS' RULE 60(B) MOTION FOR RELIEF FROM FINAL JUDGMENT [FRCP 60(B)(1)(2) AND (5)]**

On December 16, 2019, pro se Plaintiff Leonard G. Horowitz ("Horowitz"), pro se Plaintiff Sherri Kane ("Kane"), and Plaintiff Royal Bloodline of David ("Royal" and collectively "Plaintiffs") filed their Rule 60(b) Motion for Relief from Final Judgment [FRCP 60(B)(1)(2) and (5)] ("Rule 60 Motion"). [Dkt. no. 115.[1]] On January 2, 2020, Defendant Stewart Title

---

[1] Docket number 115-2 consists of Plaintiffs' Exhibits 1 through 5 in support of the Rule 60 Motion. On December 18, 2019, Plaintiffs filed a "Corrective Filing," which contains the same five exhibits, but with each exhibit as a separate entry. [Dkt. nos. 116-1 to 116-5.] Also on December 18, 2019, Plaintiffs filed another version of the Rule 60 Motion, with the original signatures of Horowitz, Kane, and Royal's counsel, Margaret Dunham Wille, Esq. [Dkt. no. 118.]

Guaranty Company ("Stewart Title") and Defendant First American Title Co. ("First American") filed their respective memoranda in opposition to the Rule 60 Motion. [Dkt. nos. 119, 120.] Plaintiffs filed their reply on January 16, 2020. [Dkt. nos. 121.] The Court has considered the Rule 60 Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Rule 60 Motion is hereby denied for the reasons set forth below.

## BACKGROUND

Horowitz and Kane, on behalf of themselves and Royal, filed their Verified Complaint for Damages ("Complaint") on December 21, 2016. [Dkt. no. 1.] On January 4, 2017, Horowitz and Kane filed their "Motion to Amend as a Matter of Course [FRCP Rule 15(a)(1)(A)]." [Dkt. no. 10.] The magistrate judge construed the document as the Amended Complaint. [EO, filed 1/10/17 (dkt. no. 11).]

The factual allegations and counts in the Amended Complaint are summarized in the June 30, 2017 order regarding First American's and Stewart Title's respective motions to dismiss ("6/30/17 Order"). [Dkt. no. 39 at 4-7.[2]] The motions

---

[2] The 6/30/17 Order is also available at 2017 WL 2836990. Stewart Title's and First American's motions to dismiss the
(. . . continued)

2

to dismiss were granted, insofar as all of Plaintiffs' claims were dismissed, but the motions were denied, insofar as the dismissal was without prejudice.  Plaintiffs were granted leave to file a second amended complaint, but they were cautioned that Royal had to be represented by counsel.  6/30/17 Order, 2017 WL 2836990, at *6.

On September 29, 2017, Horowitz and Kane, on behalf of themselves and Royal, filed their "Motion for Leave to File 'Second Amended Verified Complaint;' [FRCP Rule 15(a)(2)]." [Dkt. no. 53.]  In a December 14, 2017 order, the magistrate judge denied the motion, but granted Horowitz and Kane leave to file another motion for leave to amend ("12/14/17 Order"). [Dkt. no. 68.[3]]  Royal was not granted leave to amend because neither Horowitz nor Kane was authorized to allege claims on Royal's behalf.  12/14/17 Order, 2017 WL 10647373, at *6.

On December 11, 2017, Margaret Dunham Wille, Esq., entered her appearance as counsel for Royal.  [Dkt. no. 67.]  On December 26, 2017, Plaintiffs filed a motion for reconsideration of the 12/14/17 Order.  [Dkt. no. 69.]  The magistrate judge

---

Amended Complaint were filed on January 17 and 20, 2017, respectively.  [Dkt. nos. 19, 23.]

[3] The 12/14/17 Order is also available at 2017 WL 10647373.

3

denied the motion for reconsideration. [EO, filed 2/8/18 (dkt. no. 80).]

On February 26, 2018, Horowitz and Kane, individually, filed a Motion for Leave to File *Proposed* Second Amended Complaint for Damages and Other Relief ("2/26/18 Motion to Amend"). [Dkt. no. 82.[4]] On May 3, 2018, the magistrate judge filed his (1) Order Denying Plaintiffs Leonard G. Horowitz and Sherri Kane's Motion for Leave to File Proposed Second Amended Complaint for Damages and Other Relief [FRCP 15(a)(2)]; (2) Finding and Recommendation to Dismiss this Action with Prejudice ("F&R"). [Dkt. no. 95.[5]] The additional factual allegations that Horowitz and Kane added to the proposed Second Amended Complaint are summarized in the F&R. 2018 WL 6588506, at *3-4. The magistrate judge concluded that: the proposed Second Amended Complaint did not comply with Fed. R. Civ. P. 8; F&R, 2018 WL 6588506, at *5-7; and all of the proposed claims were futile because they would not survive a Fed. R. Civ. P. 11 motion to dismiss, id. at *7-16. The magistrate judge denied the 2/26/18 Motion to Amend, finding that allowing Horowitz and Kane a further opportunity to amend their claims would be

---

[4] Horowitz and Kane's proposed Second Amended Complaint for Damages ("Second Amended Complaint") is docket number 82-8.

[5] The F&R is also available at 2018 WL 6588506.

4

futile.  The magistrate judge also recommended that the case be dismissed with prejudice.  Id. at *16-17.

Horowitz and Kane filed objections to the F&R on May 14, 2018, and this Court denied the objections and adopted the F&R in a December 21, 2018 order ("12/21/18 Order").  [Dkt. nos. 96, 113.[6]]  In the 12/21/18 Order, the following objections and arguments were rejected: the proposed Second Amended Complaint complied with Rule 8; the magistrate judge was biased; Horowitz and Kane were covered by the title insurance policies at issue in this case; the Second Amended Complaint adequately pled duty and causation to support the negligence claim; and the bad faith claim was supported by plausible factual allegations. 2018 WL 6729630, at *4-8.  This Court declined to consider Horowitz and Kane's general objections to the F&R's summary of the events described in the Second Amended Complaint and rejected their submission of purportedly new evidence.  Id. at *8-9.  Finally, this Court rejected Horowitz and Kane's objection to the recommendation of dismissal with prejudice. Id. at *9.  Because the F&R was adopted in its entirety and the 2/26/18 Motion to Amend was denied, the claims that were dismissed without prejudice in the 6/30/17 Order were dismissed with prejudice.  Id.  The Judgment in a Civil Case ("Judgment")

---

[6] The 12/21/18 Order is also available at 2018 WL 6729630.

5

was entered immediately after the filing of the 12/21/18 Order. [Dkt. no. 114.]

Plaintiffs took no action in this case until the filing of the instant Rule 60 Motion. Plaintiffs now seek relief from the Judgment, in light of the Judgment on Appeal that was issued on July 22, 2019 in three consolidated appeals before the Hawai`i Intermediate Court of Appeals ("ICA" and "State Court Appeals").[7] Plaintiffs contend the outcome of the State Court Appeals: 1) shows that this Court made a mistake in the 12/21/18 Order; and 2) constitutes newly discovered facts or new law warranting relief from the Judgment in this case. Plaintiffs also contend new facts relevant to this case came to light during December 2019 because of an indictment filed in state court against Paul Sulla, Jr. ("Sulla") and Halai Heights LLC. See Corrective Filing, Exh. 4 (Indictment filed on

---

[7] The three cases were: Hester v. Horowitz, et al., CAAP-16-0000162 ("CAAP-16-162"); Hester v. Horowitz, et al., CAAP-16-0000163 ("CAAP-16-163"); and Hester v. Horowitz, CAAP-18-0000584 ("CAAP-18-584"). See Hester v. Horowitz, NO. CAAP-16-0000162 ("State Court Appeals Opinion"), 2019 WL 1950822 (Hawai`i Ct. App. May 2, 2019), *as corrected on denial of reconsideration*, 2019 WL 2178556 (May 17, 2019), *cert. rejected*, SCWC-16-0000162, 2019 WL 4785880 (Hawai`i Sept. 30, 2019); see also Corrective Filing, Exh. 2 (Judgment on Appeal). Horowitz and Royal were among the defendants/counterclaimants who filed the appeal in CAAP-16-162; Horowitz, Kane, and Royal were among those who filed the appeal in CAAP-16-163; and only Horowitz was a respondent/appellant in CAAP-18-584. See Corrective Filing, Exh. 2.

12/5/19, in the State of Hawai`i Third Circuit Court, in <u>State v. Sulla, et al.</u>, Cr. No. 19-0000968 ("2019 Sulla Indictment")). Plaintiffs argue the Judgment should be vacated, and they should be allowed to file a new version of the complaint addressing the recent developments.

### STANDARD

Plaintiffs bring the Rule 60 Motion pursuant to subsections (b)(1), (2), and (5).  [Motion at 1.]  Rule 60(b) states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or]
>
> . . . .
>
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Any motion brought pursuant to Rule 60(b) "must be made within a reasonable time," but motions brought pursuant to subsections (1) or (2) must be brought "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).

7

To the extent Plaintiffs rely on Rule 60(b)(1), they essentially seek reconsideration of the 12/21/18 Order. Relevant to the instant case, "[r]econsideration pursuant to Rule 60 is generally appropriate . . . to correct clear error or prevent manifest injustice." Ferretti v. Beach Club Maui, Inc., Civ. No. 18-00012 JMS-RLP, 2018 WL 3672741, at *1 (D. Hawai`i Aug. 2, 2018) (citing Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

To the extent they rely on Rule 60(b)(2), Plaintiffs "must show that the evidence relied upon '(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Fergerstrom v. PNC Bank, N.A., Case No. 13-cv-00526-DKW-RLP, 2019 WL 1510328, at *2 (D. Hawai`i Apr. 5, 2019) (quoting Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990)).

As to Rule 60(b)(5), this district court has stated:

> Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992) provides for "a general, flexible standard for all petitions brought under the equity provision of Rule 60(b)(5)." Bellevue Manor Assoc. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999). A Rule 60(b) motion to modify a court order should be granted when there has been "a significant change either in factual conditions or in law." Rufo, 502 U.S. at 384; see Horne v. Flores, [557 U.S. 433,] 129 S. Ct. 2579, 2597 (2009).

Sakuma v. Ass'n of Condo. Owners of Tropics at Waikele, Civil No. 08-00502 HG-KSC, 2012 WL 299899, at *3 (D. Hawai`i Jan. 31, 2012), *aff'd* (9th Cir. May 15, 2012).

## DISCUSSION

### I. Rule 60(b)(1) - Mistake

First, to the extent Plaintiffs seek Rule 60(b) relief because the 12/21/18 Order "mistakenly misapprehended Plaintiffs' interests as deriving from a (never-existing) 'joint venture' between Royal, Horowitz and Kane," [mem. in supp. of Rule 60 Motion at 2,] the argument is rejected as untimely. Plaintiffs filed the Rule 60 Motion within a year after the filing of the 12/21/18 Order.  However, the one-year date is an **outer limit**, and filing a Rule 60 motion within one year does not automatically render the motion brought "within a reasonable time."  See Rule 60(c)(1); see also Henao v. Hilton Grand Vacations Co., Case No. 16-cv-00646-DKW-RLP, 2018 WL 5931110, at *3 n.2 (D. Hawai`i Nov. 13, 2018) (citing Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986) (explaining that the "no more than a year" language is "an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired.")).

Plaintiffs argue the 12/21/18 Order mischaracterized the relationship between Royal, Horowitz, and Kane. That is not an argument which Plaintiffs needed more than eleven months to develop, and the argument is not based upon either the State Court Appeals Opinion or the 2019 Sulla Indictment. Plaintiffs therefore failed to raise this issue within a reasonable time after the filing of the 12/21/18 Order, and their Rule 60 Motion is untimely as to this issue. Even if the mischaracterization issue were considered, Plaintiffs have not presented "facts or law of a strongly convincing nature to induce the court to reverse" its description in the 12/21/18 Order of the relationship between Plaintiffs. See Yoshimura v. Kaneshiro, CIVIL 18-00038 LEK-KJM, 2019 WL 4017231, at *3 (D. Hawai`i Aug. 26, 2019) (describing the two goals that a motion for reconsideration must accomplish) (citations and quotation marks omitted). Moreover, even if that portion of the 12/21/18 Order's background section was vacated, Plaintiffs have not shown how that would alter the ultimate rulings in the order. Plaintiffs' Rule 60 Motion is denied as to their argument that the 12/21/18 Order mischaracterizes the relationship between Royal, Horowitz, and Kane.

Plaintiffs also argue that, based on the State Court Appeals Opinion, this Court's "approval of the" nonjudicial foreclosure that the ICA vacated in CAAP-16-163 constitutes a

mistake warranting relief pursuant to Rule 60(b)(1).  [Mem. in supp. of Rule 60 Motion at 2.]  In CAAP-16-163, the ICA vacated the final judgment in a quiet title action.  State Court Appeals Opinion, 2019 WL 1950822, at *7.  Horowitz, Kane, and Royal argued judgment should not have been granted in favor of Hester in the quiet title action because of the prior judicial foreclosure action.  Id. at *4.  However, neither the judicial foreclosure action nor the quiet title action was the basis for any of the rulings in the 12/21/18 Order.  See generally 12/21/18 Order, 2018 WL 6729630, at *4-9.  Plaintiffs' Rule 60(b)(1) argument based on the State Court Appeals Opinion is therefore rejected.

## II. Rule 60(b)(2) – Newly Discovered Evidence

Plaintiffs next argue Rule 60(b)(2) relief is warranted because the State Court Appeals Opinion and the 2019 Sulla Indictment constitute newly discovered evidence.  Horowitz and Kane raised the pending appeal before the ICA and the pending criminal complaint against Sulla in a supplemental memorandum in support of their objections to the F&R, but those arguments were rejected.  See 12/21/18 Order, 2018 WL 6729630, at *8-9.  The possibility that the ICA would rule in favor of Horowitz, Kane, and Royal in the State Court Appeals, and the possibility that a criminal case against Sulla would progress were both considered by this Court when it considered Horowitz

11

and Kane's objections to the F&R.  Because those possible events were already contemplated by this Court, the ultimate outcome in CAAP-16-163 and the 2019 Sulla Indictment are not facts that "would have been likely to change the" rulings in the 12/21/18 Order.  See Jones, 921 F.2d at 878 (citation and quotation marks omitted).  Plaintiffs' request for Rule 60(b)(2) relief is denied because they have not presented anything that constitutes newly discovered evidence.

### III. Rule 60(b)(5) – Application of Judgment No Longer Equitable

Finally, Plaintiffs argue that, in light of the State Court Appeals Opinion and the 2019 Sulla Indictment, enforcing the Judgment in the instant case is no longer equitable.  For reasons similar to those set forth in the Rule 60(b)(2) analysis, neither the State Court Appeals Opinion nor the 2019 Sulla Indictment is "a significant change either in factual conditions or in the law."  See Rufo, 502 U.S. at 384.  Plaintiffs' Rule 60(b)(5) argument must therefore be rejected.

Having concluded that Plaintiffs are not entitled to relief under either Rule 60(b)(1), (2), or (5), this Court denies the Rule 60 Motion.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' Rule 60(b) Motion for Relief from Final Judgment [FRCP 60(b)(1)(2) and (5)], filed December 16, 2019, is HEREBY DENIED.

```
     IT IS SO ORDERED.

     DATED AT HONOLULU, HAWAII, April 15, 2020.
```



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEONARD G. HOROWITZ, ET AL. VS. STEWART TITLE GUARANTY COMPANY, ET AL.; CIVIL 16-00666 LEK-KJM; ORDER DENYING PLAINTIFFS' RULE 60(B) MOTION FOR RELIEF FROM FINAL JUDGMENT [FRCP 60(G)(1)(2) AND (5)]**

13